*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re PEREZ/HERNANDEZ Minors.

UNPUBLISHED
July 14, 2022

No. 359567
Ottawa Circuit Court
Family Division
LC No. 20-093083-NA

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

Respondent-mother appeals as of right the order terminating her parental rights to the minor children. On appeal, mother argues that the trial court clearly erred when it found that statutory grounds existed for termination. We affirm.

## I. FACTUAL BACKGROUND

The Department of Health and Human Services initially petitioned to remove the children from mother's care alleging that (1) mother had failed to provide responsible care and custody of the children when able to do so, (2) mother's housing was unfit for children, (3) mother was involved in ongoing domestic violence, (4) mother had failed to provide stability for the children, and (5) mother was the focus of substance-abuse concerns. At the preliminary hearing, the caseworker testified about specific incidents of domestic violence. Witnesses testified that mother was removed from a shelter after having too many "overnights" that involved her and the children leaving the shelter to stay with mother's abuser, even though a no-contact order was in place. The trial court entered an initial order of disposition in October 2020.

The termination trial was held over a year after adjudication. The trial court found that mother had demonstrated improved efforts at alleviating her barriers in the weeks immediately preceding the trial. However, it found that these efforts did not sufficiently demonstrate that she had overcome longstanding patterns of instability, relationship problems and domestic violence, employment issues, and substance abuse. The trial court found that mother had a clean criminal record before the children's removal, but that she had since acquired several criminal convictions. The trial court further found that mother did not comply with the reunification plan. Accordingly, the trial court found that petitioner presented clear and convincing evidence that the conditions that led to adjudication continued to exist. See MCL 712A.19b(3)(c)(*i*). The trial court also found

by clear and convincing evidence that the children would be harmed if returned to mother's care. See MCL 712A.19b(3)(j). Specifically, the trial court was concerned about emotional or mental harm to the children "brought on by instability and inability." Mother now appeals.

## II. LEGAL ANALYSIS

Mother argues that the trial court clearly erred when it terminated her parental rights. She insists that her progress in overcoming barriers to reunification improved before the termination hearing, particularly in regard to housing stability, substance abuse, and employment. For similar reasons, mother contends that the trial court erred when it found a reasonable likelihood that the children would be harmed if returned to her care. "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "The trial court's factual findings are clearly erroneous if the evidence supports them, but we are definitely and firmly convinced that it made a mistake." *Id*. at 709-710. "In reviewing the circuit court's decision, we also must give due regard to the trial court's special opportunity to observe the witnesses." *In re Dearmon*, 303 Mich App 684, 700; 847 NW2d 514 (2014) (quotation marks and citation omitted).

A trial court must find at least one of the statutory grounds for termination by clear and convincing evidence in order to terminate parental rights. *In re Gonzalez/Martinez*, 310 Mich App 426, 431; 871 NW2d 868 (2015). In this case, the trial court terminated mother's parental rights to the four children under MCL 712A.19b(3)(c)(*i*) and MCL 712A.19b(3)(j). We affirm the trial court's findings under MCL 712A.19b(3)(c)(*i*). See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009) (explaining that, "[h]aving concluded that at least one ground for termination existed, we need not consider the additional grounds upon which the trial court based its decision"). MCL 712A.19b(3)(c)(*i*) provides as follows:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

This subdivision applies "when the conditions that brought the children into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services[.]" *White*, 303 Mich App at 710 (quotation marks and citation omitted). In order to overcome a barrier to reunification, a parent must show "meaningful change in the conditions existing [at] the time of adjudication." *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009).

The trial court did not clearly err on this ground. See *White*, 303 Mich App at 709. The time between disposition and termination was over one year, more than double the required 182 days. The conditions leading to adjudication included failure to provide care when able to do so, an unfit home environment, domestic violence in the presence of the children, instability in housing, and substance abuse. Throughout the case, petitioner presented evidence that these conditions were continuing. Petitioner presented evidence reflecting mother's pattern of housing and employment instability, substance abuse, and participation in an abusive relationship. Indeed, the record revealed concerns that mother was unable to follow rules at shelters. The record also indicated that mother was not regularly participating in services. And the record reflected that mother's participation in parenting time and drug screens, among other services, was inconsistent. Contact and fighting continued between mother and one of the children's fathers, Nikko Hernandez, despite recommendations that mother not have contact with Hernandez and a court order that he have no contact with mother. Witnesses testified that mother and Hernandez even attended each other's parenting times, even though the program was designed so that they would not do so.

Announcing its findings on this statutory ground, the trial court focused not on isolated successes or failures, but instead on mother's repeating pattern of instability. Although mother demonstrated considerable improvement in the final few weeks before the termination hearing, including by obtaining a housing voucher, the trial court was not persuaded that this short-term success meant that mother had overcome the longstanding behavioral patterns that she had demonstrated in preceding months and years. See *Williams*, 286 Mich App at 272-273. Mother's children were in care for well over a year at the time of the termination hearing, which was almost half of MH's life, the majority of RH's life, and was long enough to disrupt the bond between mother and the older two children. Although mother put forth a valiant effort in the last weeks before termination, mother's children had already waited "too long a period to await the mere possibility of a radical change in respondent-mother's life." *Id*. Given the ample testimony of the various providers throughout the pendency of the case, the trial court did not clearly err when it determined that mother had not demonstrated a meaningful change in her behavior patterns.[1]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates

---

[1] Mother does not argue that the trial court erred when it found that it was in the children's best interests to terminate her parental rights. However, after a review of the record, it is clear that the trial court did not err when it found by a preponderance of the evidence that it was in the children's best interests to terminate her parental rights. See MCL 712A.19b(5); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).